UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOHN W. TAYLOR, IV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:18-cv-00495-JPH-DLP |
| | ) |
| CHRISTOPHER NICHOLSON, | ) |
| | ) |
| Defendant. | ) |

**ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff John W. Taylor, IV, an inmate at Wabash Valley Correctional Facility, was unable to shower for four days. In response, he filed this lawsuit alleging that defendant Lieutenant Christopher Nicholson denied him access to the shower in retaliation for submitting grievances about the conditions of his confinement. The defendant disputes these allegations and seeks summary judgment. For the reasons explained below, the defendant's motion for summary judgment, dkt. [44], is **GRANTED.**

**I. Standard of Review**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can

1

also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).  Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment.  Fed. R. Civ. P. 56(e). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor.  *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).  It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder.  *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014).

In this case, the plaintiff failed to respond to the defendant's summary judgment motion. Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. L.R. 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"); *Brasic v. Heinemanns, Inc.*, 121 F.3d 281, 285-286 (7th Cir. 1997) (affirming grant of summary judgment where the nonmovant failed to properly offer evidence disputing the movant's version of the facts). This does not alter the summary judgment standard, but it does "reduce the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II. Undisputed Facts

Mr. Taylor is an Indiana prisoner housed at the Wabash Valley Correctional Facility (WVCF), and Christopher Nicholson is employed by the Indiana Department of Correction as a Correctional Lieutenant at WVCF. Dkt. 46-1 at ¶ 2.

On August 14, 2018, Mr. Taylor submitted a request for interview to Lt. Nicholson regarding the cleanliness of the recreation areas in the restricted housing units. *Id.* at ¶ 5; dkt. 46-3 at p. 14 (Request for Interview). Mr. Taylor wrote:

> Pursuant to Policy # 02-04-102 for the operations of restricted housing units; the recreation areas are supposed to be clean regularly. This is not happening, there's bird feces all over the outside recreation area and the inside recreation area is infested with bugs. Since you are the supervisor can you see why this policy is not being followed.

Dkt. 46-3 at p. 14. Lt. Nicholson responded: "If they are not cleared in the next 24 hours please let me know." *Id.*

Mr. Taylor submitted a formal grievance regarding the conditions of the recreation areas on August 20, 2018. Facility staff, including the Fire Chief and Safety Hazard Manager, followed up on Mr. Taylor's request, visually inspected the areas, and found no violation. Dkt. 46-3 at pp. 15-16. That formal grievance was ultimately denied, as were Mr. Taylor's ensuing appeals. Dkt. 46-3 at pp. 17-24.

On Wednesday, August 22, 2018, at approximately 6:57 a.m., there was an incident that occurred on the B-600 range of B-East, where Mr. Taylor was housed. Dkt. 46-1 at ¶ 7. During the incident, offenders threw their breakfast trays onto the range. *Id.* Mr. Taylor, who was in cell B-606, was mistakenly believed to be involved in the incident. *Id.*; Dkt. 46-3 at p. 49.

Lt. Nicholson was not at the facility from August 20, 2018, through August 24, 2018, because he was attending a training program. Dkt. 46-1 at ¶ 9. Sgt. B. Cobb notified Lt. Nicholson

of the tray throwing incident on the morning it occurred. *Id.* at ¶ 10. Lt. Nicholson recommended that recreation and showers be denied to the offenders housed on the B-600 range from 1:20 p.m. to 3:46 p.m. on August 22, 2018, pending video review of the incident to investigate which offenders were involved. *Id.* at ¶ 11.

As a result, Mr. Taylor was denied a shower and recreation on August 22, 2018. Mr. Taylor is scheduled to receive a shower every other day and received a shower on Monday, August 20, 2018, and Friday, August 24, 2018. Dkt. 46-1 at ¶ 14; dkt 46-3 at p. 39.

Mr. Taylor and several other offenders from the B-600 range received conduct reports for the tray-throwing incident. Dkt. 46-1 at ¶ 15. Video evidence, however, reflected that Mr. Taylor did not throw his tray and on August 28, 2018, Lt. Nicholson cleared Mr. Taylor of all involvement, and the conduct report against Mr. Taylor was dismissed. *Id.* at ¶¶ 16-17.

### III. Discussion

The Complaint alleges that Lt. Nicholson retaliated against Mr. Taylor by denying him access to a shower. Lt. Nicholson argues that he is entitled to summary judgment because Mr. Taylor cannot show that he was retaliated against and because Lt. Nicholson is entitled to qualified immunity.

"To prevail on a First Amendment retaliation claim, a plaintiff must establish three elements. First, he must show he engaged in protected First Amendment activity. Second, he must show an adverse action was taken against him. Third, he must show his protected conduct was at least a motivating factor of the adverse action." *Holleman v. Zatecky*, 951 F.3d 873, 878 (7th Cir. 2020) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)).

First, there is no dispute that Mr. Taylor engaged in activity protected by the First Amendment. "'A prisoner has a First Amendment right to make grievances about conditions of

4

confinement,'" *Douglas v. Reeves*, No. 18-2588, — F.3d —, 2020 WL 3781148, at *2 (7th Cir. July 7, 2020) (quoting *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010)), and to file lawsuits, *McKinley v. Schoenbeck*, 731 F. App'x 511, 515 (7th Cir. 2018) (citing *Babcock v. White*, 102 F.3d 267, 276 (7th Cir. 1996)). This is clearly established.

As to the second element, the court must consider whether the denial of a shower is sufficiently adverse to support a retaliation claim. "The standard for determining whether an action is sufficiently adverse to constitute retaliation is well established: it must be 'likely [to] deter a person of ordinary firmness from continuing to engage in protected activity.'" *Holleman,* 951 F.3d at 880 (quoting *Surita v. Hyde*, 665 F.3d 860, 878 (7th Cir. 2011)). This is an objective standard. *Id.; see also Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982) ("It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise.... "). No reasonable fact finder could conclude that the loss of the opportunity to shower on August 22 was sufficiently adverse.

Finally, Mr. Taylor must show his protected conduct was at least a motivating factor of the adverse action. "The 'motivating factor' amounts to a causal link between the activity and the unlawful retaliation." *Manuel v. Nalley*, No. 18-3380, —F.3d—, 2020 WL 4048039, at *2 (7th Cir. July 20, 2020). "Once a prima facie case is established, the burden shifts to the defendant to rebut the claim, that the activity would have occurred regardless of the protected activity. … Once established, the petitioner must demonstrate the proffered reason is pretextual or dishonest." *Id.* (internal citation omitted). Mr. Taylor has not presented any evidence that suggests that his grievances regarding the conditions of the recreation areas motivated Lt. Nicholson's decision to restrict Mr. Taylor's shower access on August 22, 2018. Lt. Nicholson testified that his motivation

5

for his recommendation that recreation and showers be denied to the offenders housed on the B-600 range was the need to investigate the tray-throwing incident. Dkt. 46-1 at ¶¶ 11-13. This testimony is supported by Lt. Nicholson's conduct. He did not target Mr. Taylor specifically, as his recommendation impacted other offenders housed on the B-600 range. In addition, while another officer wrote Mr. Taylor a conduct report for the tray-throwing incident, Lt. Nicholson personally reviewed the video, determined Mr. Taylor was not involved and dismissed the conduct report against Mr. Taylor. Dkt. 2-1 at 1; dkt. 46-1 at ¶¶ 15-17.

Because Mr. Taylor has failed to meet his burden of proof to show that the denial of a shower was motivated by his engagement in protected activity and sufficiently adverse, his First Amendment right to be free from retaliation was not violated. Since his First Amendment rights were not violated, there is no need to further consider Lt. Nicholson's claim of qualified immunity. Lt. Nicholson is entitled to summary judgment in his favor.

### IV. Conclusion

Defendant Lt. Nicholson is entitled to judgment as a matter of law. The motion for summary judgment, dkt [44], is **GRANTED.** Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 7/31/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOHN W. TAYLOR, IV
167117
WABASH VALLEY – CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

David C. Dickmeyer
INDIANA ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

Bryan Findley
INDIANA ATTORNEY GENERAL
bryan.findley@atg.in.gov